**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4591
_____

TERANCE HEALY; TODD M. KRAUTHEIM,
                                                    Appellants

v.

ATTORNEY GENERAL PENNSYLVANIA; ATTORNEY GENERAL ALABAMA;
ATTORNEY GENERAL ALASKA; ATTORNEY GENERAL ARIZONA; ATTORNEY
GENERAL ARKANSAS; ATTORNEY GENERAL CALIFORNIA; ATTORNEY GENERAL
COLORADO; ATTORNEY GENERAL CONNECTICUT; ATTORNEY GENERAL
DELAWARE; ATTORNEY GENERAL DISTRICT OF COLUMBIA; ATTORNEY
GENERAL FLORIDA; ATTORNEY GENERAL GEORGIA; ATTORNEY GENERAL
GUAM; ATTORNEY GENERAL HAWAII; ATTORNEY GENERAL IDAHO; ATTORNEY
GENERAL ILLINOIS; ATTORNEY GENERAL INDIANA; ATTORNEY GENERAL IOWA;
ATTORNEY GENERAL KANSAS; ATTORNEY GENERAL KENTUCKY; ATTORNEY
GENERAL LOUISIANA; ATTORNEY GENERAL MAINE; ATTORNEY GENERAL
MARYLAND; ATTORNEY GENERAL MASSACHUSETTS; ATTORNEY GENERAL
MICHIGAN; ATTORNEY GENERAL MINNESOTA; ATTORNEY GENERAL MISSISSIPPI;
ATTORNEY GENERAL MISSOURI;
ATTORNEY GENERAL MONTANA; ATTORNEY GENERAL NEBRASKA; ATTORNEY
GENERAL NEVADA; ATTORNEY GENERAL NEW HAMPSHIRE; ATTORNEY
GENERAL NEW JERSEY; ATTORNEY GENERAL NEW MEXICO; ATTORNEY
GENERAL NEW YORK; ATTORNEY GENERAL NORTH CAROLINA; ATTORNEY
GENERAL NORTH DAKOTA; ATTORNEY GENERAL NORTHERN MARIANA
ISLANDS; ATTORNEY GENERAL OHIO; ATTORNEY GENERAL OKLAHOMA;
ATTORNEY GENERAL OREGON; ATTORNEY GENERAL PUERTO RICO; ATTORNEY
GENERAL RHODE ISLAND; ATTORNEY GENERAL SOUTH CAROLINA; ATTORNEY
GENERAL SOUTH DAKOTA; ATTORNEY GENERAL TENNESSEE; ATTORNEY
GENERAL TEXAS; ATTORNEY GENERAL UTAH; ATTORNEY GENERAL VERMONT;
ATTORNEY GENERAL VIRGIN ISLANDS; ATTORNEY GENERAL VIRGINIA;
ATTORNEY GENERAL WASHINGTON; ATTORNEY GENERAL WEST VIRGINIA;
ATTORNEY GENERAL WISCONSIN; ATTORNEY GENERAL WYOMING; ATTORNEY
GENERAL AMERICAN SAMOA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

(D.C. Civil Action No. 2-13-cv-04614)
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2014

Before:  RENDELL, GREENAWAY, JR. and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 14, 2014)

_____

OPINION
_____

PER CURIAM

Terance Healy and Todd M. Krautheim appeal pro se from the order of the District Court dismissing their complaint.  We will affirm.

I.

Healy and Krautheim filed suit against the Attorneys General of Pennsylvania and every other United States state and territory seeking a declaration that Rule 1.6 of the "Rules of Professional Conduct" (apparently Rule 1.6 of the Model Rules of Professional Conduct, as allegedly adopted in each jurisdiction) is unconstitutional.  Plaintiffs allege that they are involved in litigation in the Pennsylvania courts and appear to believe that the Pennsylvania Supreme Court's adoption of Rule 1.6 has harmed them in some manner.[1]

_____

[1] Pennsylvania's rule provides that, with certain exceptions, "[a] lawyer shall not reveal information relating to representation of a client unless the client gives informed

2

The Attorney General of Pennsylvania (hereinafter "Attorney General") responded with a motion notifying the District Court that she intended to file a motion to dismiss the complaint on jurisdictional and other grounds and requesting that the District Court extend the deadline for all other Attorneys General to respond to the complaint, if necessary, until after a ruling on that motion. The Attorney General reasoned that the grounds for dismissal would apply equally to the other Attorneys General and that ruling on the basis of her motion first would obviate the need for the filing and consideration of 55 separate and likely duplicative motions to dismiss. Plaintiffs opposed this procedure, but the District Court approved it. The Attorney General then filed the promised motion to dismiss arguing, inter alia, that plaintiffs lack Article III standing to challenge Pennsylvania's Rule 1.6. The District Court granted that motion and dismissed the complaint. Plaintiffs filed a motion for reconsideration, which the District Court denied as untimely under its Local Rule 7.1(g). Plaintiffs now appeal.[2]

---

consent[.]" Pa. R. Prof'l Conduct 1.6(a).

[2] Plaintiffs filed their motion for reconsideration on the 28th day after the District Court entered its order dismissing their complaint. Their motion was untimely under Local Rule 7.1(g), but it was timely under Rule 59(e) of the Federal Rules of Civil Procedure and thus tolled their time to appeal. See Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013). Their appeal is timely because they filed it within 30 days of the District Court's denial of reconsideration, and we thus have jurisdiction under 28 U.S.C. § 1291. The District Court analyzed the issue of standing under both Rule 12(b)(1) and Rule 12(b)(6). Under either rule, our review is plenary and "we accept as true plaintiffs' material allegations, and construe the complaint in the light most favorable to them[.]" Baldwin v. Univ. of Pittsburgh Med. Ctr., 636 F.3d 69, 73-74 (3d Cir. 2011). We review for abuse of discretion the District Court's denial of reconsideration, see Wiest, 710 F.3d at 128, and its orders regarding case management, see Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010).

3

## II.

The District Court concluded that plaintiffs lack standing to challenge the constitutionality of Pennsylvania's Rule 1.6. We agree. Article III standing requires a concrete and particularized injury that is both traceable to the defendant's alleged conduct and likely to be redressed by a favorable decision. See Nat'l Collegiate Athletic Ass'n v. Governor of N.J., 730 F.3d 208, 218 (3d Cir. 2013). Plaintiffs' complaint does not plausibly suggest any of these elements.

Plaintiffs do not allege that they are lawyers bound by Rule 1.6 or that the rule has prevented any lawyer from providing them with any information to which they might be constitutionally entitled. They appear to believe that Rule 1.6 has operated to their detriment in certain state-court matters, but they do not explain how except to offer conclusory and fanciful assertions that the rule has prevented them from obtaining appellate review or otherwise seeking redress from unspecified judicial misconduct. Nor have they alleged anything suggesting that any injury they may have suffered is traceable to the Attorney General or likely to be redressed by a declaration that Rule 1.6 is unconstitutional. Thus, plaintiffs lack standing as more thoroughly explained by the District Court, and the District Court properly dismissed their complaint without leave to amend on that basis.[3]

---

[3] The District Court also concluded that, to the extent that plaintiffs are attempting to invalidate state-court judgments or seek review of matters pending before the state courts (which they deny they are doing), it was required to abstain under Younger v. Harris, 401

4

Plaintiffs raise three arguments on appeal that we will briefly address but that lack merit. First, they argue that the District Court erred by failing to certify to the Attorneys General that the complaint raises a constitutional challenge to Rule 1.6 and to permit them to "intervene." See Fed. R. Civ. P. 5.1(b) & (c). Rule 5.1 addresses constitutional challenges to a "statute," which Rule 1.6 is not, and the Attorneys General could not have "intervened" because plaintiffs named them as parties.

Second, plaintiffs argue that the procedure employed by the District Court prevented the non-Pennsylvania Attorneys General from "intentionally defaulting" on the complaint. We see no indication that those Attorneys General intended to default and would have done so but for the procedure employed by the District Court. And even construing this argument as a broader challenge to that procedure, it lacks merit. The District Court's dismissal of the complaint as to the non-Pennsylvania Attorneys General might be characterized as sua sponte. That dismissal was proper, however, because plaintiffs had notice and an opportunity to respond and the grounds for dismissal as to the Pennsylvania Attorney General apply equally to the other Attorneys General as well. Cf. Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006) (addressing sua sponte summary judgment for non-moving party). Indeed, the case for dismissal as to those Attorneys

U.S. 37 (1971), and to dismiss their complaint under the Rooker-Feldman doctrine, see D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). The Attorney General concedes that the District Court's Younger analysis does not survive the Supreme Court's subsequent decision in Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584 (2013), but she argues that the Rooker-Feldman doctrine further supports dismissal of the complaint. In light of our conclusion that plaintiffs lack

5

General is even stronger because plaintiffs do not allege that they have been involved in any litigation in those other jurisdictions.

Finally, plaintiffs argue that the District Court erred in denying their motion to reconsider as untimely under Local Rule 7.1(g) because it was timely under the Federal Rules (they refer to Rule 52(b), but it is Rule 59(e) that controls and the analysis under that rule is the same). Plaintiffs did not mention the District Court's order denying reconsideration in their notice of appeal, but even if we were to reach this argument we would reject it. Local Rule 7.1(g) requires litigants to file any motion for reconsideration within 14 days after entry of the judgment or order concerned, while Rule 59(e), as amended in 2009, gives litigants 28 days to do so. The District Court thus may have erred in relying on a local rule that conflicts with the Federal Rules, see In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 459 (3d Cir. 2000), but any such error was harmless. Plaintiffs' motion for reconsideration merely reiterated meritless arguments that the District Court already had rejected. Their motion thus did not state a basis for Rule 59(e) relief, see Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010), so there was no basis for the District Court to have granted it.

For these reasons, we will affirm the judgment of the District Court.

---

standing, we need not and do not address these issues.